**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHAZAK KINDER INC. | |
| Plaintiff, | Civil No. |
| v. | **JURY TRIAL DEMANDED** |
| JBRICK, LLC, | |
| Defendant. | |

Plaintiff Chazak Kinder Inc. ("Chazak Kinder" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against JBrick, LLC ("JBrick" or "Defendant"), states as follows:

## SUMMARY OF THE ACTION

1.      Monopoly® is a popular board game developed in 1903 to demonstrate the evils of unfettered power in the hands of a select group.

2.      Unfortunately, in the toy industry, that message has fallen on deaf ears.  Rather than compete in an open market place, certain manufacturers of toys seek to preclude regular, every day items from use by others.

3.      Defendant seeks to gain a monopoly by asserting unfounded claims of copyright infringement for a product that is not registered nor protectable under the copyright laws of the United States.

4.      Defendant has asserted that Plaintiff is infringing its alleged copyright by selling model kits of the Second Temple, a Jewish holy temple that formerly stood on the Temple Mount

in Jerusalem ("Holy Temple Model Set"). Plaintiff denies that it has infringed any copyrights owned by Defendant.

5. Plaintiff seeks declaratory judgment that any copyright(s) asserted by Defendant for a "Holy Temple Model Set" is invalid and unenforceable.

6. Further, Plaintiff complains of Defendant's Tortious Interference with Business Relations, Tortious Interference with Prospective Economic Advantage, and Trade Libel.

7. Defendant, through its CEO, Yitzchok Kasowitz ("Mr. Kasowitz"), contacted Plaintiff, as well as several of its customers, with copyright takedown requests, expressing that by selling Plaintiff's Holy Temple Model Set, Plaintiff and its customers were "intentionally and wrongfully using another's Intellectual Property for the purpose of monetary value and revenue."

8. Upon information and belief, neither Mr. Kasowitz, nor his company, own copyright, with respect to the Holy Temple Model Set.

9. Any copyright that Defendant can allege would be invalid based on, among other things, the doctrine of merger.

10. In the alternative, Plaintiff does not infringe on any copyright because of the doctrine of *scenes a faire*.

**PARTIES**

11. Plaintiff is a company organized under the laws of the State of New York. Plaintiff has a primary place of business at 5504 18th Ave, Brooklyn, New York.

12. Plaintiff's Chief Executive Officer (CEO) is Yaacov Schwartz ("Mr. Schwartz").

13. Defendant is a company organized under the laws of the State of Florida. Defendant has a primary place of business at 18140 NE 10th Court, N. Miami Beach, Florida.

14. Upon information and belief, Defendant is in the business of manufacturing and selling toy sets and accessories for LEGO® compatible toys.

15.     Upon information and belief, Defendant's Chief Executive Officer is Mr. Kasowitz.

16.     Defendant owns the internet domain http://www.jbrick.com ("Jbrick's Website").

17.     Defendant controls the content of JBrick's Website.

18.     Defendant's sets and accessories are sold throughout the United States via JBrick's Website.

19.     Defendant sells, among other things, a Holy Temple Model Sets, through JBrick's Website.

20.     Upon information and belief, Defendant's sets and accessories have been sold within this judicial district.

<u>**JURISDICTION AND VENUE**</u>

21.     Counts I and II of Plaintiff's complaint arise under the copyright laws of the United States of America 17 U.S.C. §101 et seq. ("the Copyright Act") and therefore this Court has original jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

22.     The Court has supplemental jurisdiction over Counts III, IV and V because they arise out of the same controversy as the claims between Plaintiff and Defendant in this matter.

23.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant has sold products within this judicial district.

<u>**FACTS**</u>

24.     Plaintiff sells products, mostly toys, through several websites including toys2discover.com ("Plaintiff's Website").  One of the products sold by Plaintiff is the *Bais Hamikdash* Building Set (the "Holy Temple Model Set").  A photograph of the representative product, as advertised on Plaintiff's Website, is attached as **Exhibit A**.

25.     The Holy Temple Model Set is designed to be compatible with LEGO® branded toys.

26.    The Holy Temple Model Set includes over 1,000 pieces.

27.    The Holy Temple Model Set is designed to be a replica of the Second Temple in Jerusalem.

28.    Below, is a photograph of the Holy Temple Model Set, fully constructed, as reflected on Plaintiff's website (http://www.toys2discover.com/products/bais-hamikdash-building-set):



29.    The Holy Temple Model Set is a reproduction of the layout as to how the Second Temple was believed to have appeared as in the times of the Hebrew Bible.

30.    All toys that are designed to depict the Second Temple necessarily must depict a similar layout.

31.    Plaintiff began selling the Holy Temple Model Set in 2019.

32.    As of July 10, 2020, Defendant advertised and purportedly sold a Holy Temple Model Set, as well, on JBrick's Website (http://www.jbrick.com/store/p64/Holy_Temple.html).

33.    Below is a photograph of Defendant's Holy Temple Model Set, fully constructed, as represented on JBrick's Website:



34.    The pieces ("blocks") comprising Plaintiff's Holy Temple Model Set are separate and distinct from the blocks comprising Defendant's Holy Temple Model Set. Plaintiff's Holy Temple Model Set also has a different set of instructions than Defendant's Holy Temple Model Set.

35.    Defendant is Plaintiff's competitor in the toy industry.

### DEFENDANT'S ACTS CONSTITUTING ACTUAL CONTROVERSY

### Defendant's July 10, 2020 E-mail to Plaintiff alleging Copyright Infringement

36.    On July 10, 2020, Defendant, through Mr. Kasowitz, e-mailed Plaintiff, with a copyright takedown request, complaining that Plaintiff's Website indicated it was "selling a product which has intentionally and wrongfully been using another's Intellectual Property for the purpose of monetary value and revenue." A copy of Defendant's July 10, 2020 e-mail to Plaintiff is attached as **Exhibit B**.

37.    In his e-mail, Mr. Kasowitz provided a link to JBrick's Website, where it had advertised its Holy Temple Model Set. Mr. Kasowitz referenced Defendant's Holy Temple Model Set noting that it was "the original. Designed by Yitzy Kasowitz and sold exclusively by jbrick.com." **Ex. B**.

38.     Notably, Defendant failed to identify whether Defendant owned a copyright for the Holy Temple Model Set or otherwise provide any information regarding Defendant's copyright registration, with respect to the Holy Temple Model Set.

39.     In his e-mail, Mr. Kasowitz complained, "[t]his is the copy which you are selling," followed by a link to the website of a third-party toy-seller. Rather than leading to a website that represented any products sold by Plaintiff, the link sent by Mr. Kasowitz led to a "Page Not Found" error message.

**Plaintiff's Response to Defendant's July 10, 2020 E-mail**

40.     On July 21, 2020, Plaintiff, through counsel, responded to Defendant's e-mail ("Response"). A copy of Plaintiff's response is attached as **Exhibit C**.

41.     In its Response, Plaintiff refuted Defendant's baseless claims against Plaintiff. First, Plaintiff noted that Defendant's correspondence did not inform Plaintiff as to what intellectual property Defendant allegedly owned or that Plaintiff had violated. Plaintiff also noted that not only did Defendant's correspondence fail to include the copyright registration(s) or deposit materials for the purported Holy Temple Model Set product, but that upon performing its own search, Plaintiff had been unable to find any registered copyright owned by Defendant.

42.     Plaintiff's Response noted that it was unlikely that Defendant could even obtain a valid copyright registration for its Holy Temple Model Set, as it was an unoriginal and functional work. In support, Plaintiff noted the existence of numerous toys that allowed children to build temple replicas.

43.     Plaintiff's Response further noted that Defendant had improperly contacted Plaintiff's customers regarding its claims of infringement, thereby interfering with Plaintiff's business and economic advantage.

44.     Lastly, in its Response, Plaintiff formally placed Defendant on notice that it had tortiously interfered with Plaintiff's business and demanded that Defendant:

   a)  Immediately cease contacting Plaintiff's customers;

   b)  Provide Plaintiff with a letter through which it removed any existing complaints it had previously asserted concerning Plaintiff or Mr. Schwartz individually; and

   c)  Send a retraction letter to all of the websites and entities it had previously contacted asserting intellectual property violations by Plaintiff.

45.     Defendant never replied to Plaintiff's Response.

**Defendant Improperly Contacts at Least Three of Plaintiff's Customers**

46.     On January 21, 2021, several months following Defendant's exchange with Plaintiff, Mr. Kasowitz e-mailed Plaintiff's customer, Artscroll Mesorah Publications ("Artscroll"), with a copyright takedown request. A copy of Defendant's January 21, 2021 e-mail to Artscroll is attached as **Exhibit D**.

47.     In his January 21, 2021, e-mail, Mr. Kasowitz noted that Artscroll's website advertised a certain Holy Temple Model Set, in violation of Defendant's intellectual property rights.

48.     Following Defendant's communication with Artscroll, Artscroll stopped advertising or selling Plaintiff's Holy Temple Model Set.

49.     Plaintiff recently came to learn that Mr. Kasowitz sent similar copyright takedown requests to at least the two following customers in 2020: (1) The Judaica Place Inc. ("The Judaica Place"), 1917 Ave. M, Brooklyn, New York 11230; and (2) New Eichlers, 5004 13th Avenue, Brooklyn, NY 11219.

50.     After receiving Mr. Kasowitz's correspondence regarding Plaintiff's product, both The Judaica Place and New Eichler's stopped selling Plaintiff's Holy Temple Model Sets.

51.     Plaintiff has reason to believe that Defendant has improperly contacted other customers as well.

52.     Consequently, there presently exists a justiciable controversy regarding Plaintiff's right to make any and all forms and shapes of the Holy Temple Model Set free of any allegation by Defendant that such conduct constitutes an infringement of any copyright rights allegedly owned by Defendant.

**COUNT I**
**DECLARATORY JUDGMENT OF INVALIDITY**

53.     Plaintiff incorporates paragraphs 1 – 52 as if fully set forth herein.

54.     This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist selling of the Holy Temple Model Set product and forbearance of selling of other similar products, Plaintiff seeks relief from this Court.

55.     Plaintiff requests an order declaring that any alleged copyright asserted by the Defendant in the form of replicas of common, public domain models of holy temples and unenforceable for, *inter alia*, the following reasons:

a.  an absence of sufficient creativity and originality to be entitled to copyright protection or registration;

b.  the idea of creating model sets of holy sites to be used with LEGO® compatible minifigures has merged with the expression of that idea; and

c.  the products merely consist of a combination of known elements, components, depictions and/or shapes, all of which are in the public domain,

are functional, and are not entitled to protection or registration under the Copyright Act.

## COUNT II
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

56.     Plaintiff incorporates paragraphs 1 – 55 as if fully set forth herein.

57.      This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist selling of the Holy Temple Model Set product and forbearance of selling of other similar products, Plaintiff seeks relief from this Court.

58.     Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed and is not liable for infringing any valid copyright owned by Defendant relating to the Holy Temple Model Set product either directly or by inducing others to infringe or by contributing to infringement by others for the following non-exclusive reasons:

    a.  Plaintiff's product was independently created,

    b.  Any infringement was innocent,

    c.  The blocks comprising Plaintiff's product are separate and distinct from the blocks comprising Defendant's product,

    d.  Plaintiff's product has a different set of instructions than Defendant's product,

    e.  The doctrine of *de minimis non curat lex*,

    f.  Plaintiff's product falls within the fair use doctrine, and

    g.  The doctrine of *scenes a faire*.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

59.     Plaintiff incorporates paragraphs 1 - 58 as if fully set forth herein.

60.     Defendant knew that Plaintiff was authorized to sell the Holy Temple Model Set product.

61.     Defendant made false and misleading statements to Plaintiff's customers concerning Plaintiff.

62.     Defendant made these false statements to induce Plaintiff's customers to remove Plaintiff's product listings.

63.     Based on Defendant's false statements, Plaintiff's customers removed Plaintiff's product listings.

64.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered damages *inter alia* of lost sales and lost profits.

## COUNT IV
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

65.     Plaintiff incorporates paragraphs 1 – 64 as if fully set forth herein.

66.     Defendant knew or should have known that Plaintiff sold, and offered for sale, the Holy Temple Model Set product on its website and at various stores.

67.     Defendant intentionally interfered with Plaintiff's sale of the Holy Temple Model Set product by, among other things, making false statements of fact concerning copyright ownership by Defendant and infringement by Plaintiff.

68.     Defendant knew on a reasonable certainty that upon making its false statements and allegations of copyright infringement that Plaintiff's customers would stop selling the Holy Temple Model Set product.

69. Plaintiff's customers stopped selling Holy Temple Model Set product from their stores and as a direct and proximate result, Plaintiff has suffered damages for, *inter alia*, lost sales and lost profits.

## COUNT V
## TRADE LIBEL

70. Plaintiff incorporates paragraphs 1 – 69 as if fully set forth herein.

71. Through the copyright takedown requests sent to Plaintiff and its customers, Defendant published untrue statements of fact, including the statement that Plaintiff's Holy Temple Model Set product infringed on Defendant's intellectual property rights, and that Defendant had the right to demand that Plaintiff and its customers remove Plaintiff's product listing.

72. Defendant's statement were false in that, among other things, (a) Defendant does not have enforceable copyright rights in the Holy Temple Model Set product; and (b) Plaintiff did not infringe on and does not infringe on any copyrights, relative to the Holy Temple Model Set product.

73. Defendant knew its statements were false or were made with reckless disregard for the truth in that Defendant knew that it was not the original author or creator of the features of the Holy Temple Model Set product, as well as the fact that many similar model temple sets predated Defendant's product.

74. Defendant's statements were not mere statements of opinion.

75. As a direct and proximate result of the wrongful acts and bad faith conduct of Defendant, Plaintiff has suffered and will continue to suffer general damages, including lost profits in an amount greater than $75,000.

76.     Upon information and belief, Plaintiff alleges that Defendant has engaged in the conduct alleged herein with a conscious and intentional disregard of Plaintiff's rights and with an intent to harass, injure, or annoy, such as to constitute oppression, fraud, or malice, thereby entitling Plaintiff to punitive damages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment awarding it of the following relief:

(a) An order declaring the alleged intellectual property rights asserted by Defendant in the form of replicas of common, public domain temple model sets, are invalid and unenforceable;

(b) An order declaring that Plaintiff does not infringe any valid copyright owned by Defendant relating to the Holy Temple Model Sets product;

(c) Judgment in its favor against Defendant on Counts III, IV, and V, in an amount to be proven at trial;

(d) An award of punitive damages;

(e)  An order that Defendant withdraw any takedown requests regarding Plaintiff and/or its product;

(f) A preliminary injunction requiring Defendant to withdraw any takedown request regarding Plaintiff and/or its product and preventing Defendant from conducting any future takedown request with respect to Plaintiff's Holy Temple Model Set product; and

(g) An order awarding such other and further relief as this court deems just and proper.


Dated: February 12, 2021                    Respectfully submitted,

                                            /s/ *Christopher W. Niro*

- 12 -

Christopher W. Niro
Maryam H. Arfeen,
ARONBERG GOLDGEHN DAVIS & GARMISA
330 North Wabash Ave, Suite 1700
Chicago, IL 60611
Tel: 312-755-3153
Fax: 312-828-9635
cniro@agdglaw.com
marfeen@agdglaw.com

***Attorneys for Chazak Kinder Inc.***

**4812-7318-6268, V. 1**

**4812-7318-6268, V. 1**
**4812-7318-6268, V. 1**